JENNER & BLOCK LLP
Brandon D. Fox (SBN 290409)
BFox@jenner.com
Alexander M. Smith (SBN 295187)
ASmith@jenner.com
Kristen L. Green (SBN 328618)
KGreen@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:   (213) 239-5100

Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster, L.L.C.

*Additional counsel listed on signature page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MADRIGAL, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>LIVE NATION ENTERTAINMENT, INC., et al.,<br><br>          Defendants. | Case No. 2:25-cv-02375-GW (KSx)<br>Related Cases: 2:25-cv-09807-GW (KSx); 2:25-cv-10757-GW (KSx)<br><br>**STIPULATION REGARDING CASE SCHEDULE**<br><br>Judge:       Hon. George Wu<br>Courtroom:  9D (First Street)<br>Trial Date:  Not Set<br>PTC Date:   Not Set |
| NADINE HOLMES, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>TICKETMASTER, LLC, et al.,<br><br>          Defendants. | |
| SHAWN ABBOTT, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>TICKETMASTER, LLC, et al.,<br><br>          Defendants. | |

WHEREAS:

1.    Three related actions are pending in this District and before this Court: (1) *Madrigal v. Live Nation Entertainment, Inc.*, Case No. 2:25-cv-2375-GW-KS(x); (2) *Holmes v. Ticketmaster LLC*, Case No. 2:25-cv-9807-GW-KS(x); and (3) *Abbott v. Ticketmaster, LLC*, Case No. 2:25-cv-10757-GW-KS(x).

2.    All three cases are putative class actions that name Ticketmaster, L.L.C. and its parent company, Live Nation Entertainment, Inc., as defendants.  All three cases include the same general factual allegations—i.e., that Defendants advertised one price for tickets to live events at the outset of the ticketing process before disclosing the existence and amount of fees at the end of the ticketing process—though each case contains additional and more specific allegations.  Each case alleges violation of certain consumer protection laws on behalf of putative classes of consumers who purchased event tickets from Defendants during the relevant time periods.

3.    The *Madrigal* case has been pending in the Central District of California since March 18, 2025.  Defendants have answered the First Amended Complaint in *Madrigal*, the parties have engaged in significant discovery, and the Court has entered a briefing schedule for the *Madrigal* plaintiffs' anticipated motion for class certification, which is currently set for hearing on March 20, 2026.

4.    The Court has not yet set a schedule in the *Holmes* case, which was recently transferred to this District from the District of Maryland.

5.    Defendants removed the *Abbott* action from Los Angeles Superior Court on November 7, 2025.  On November 19, 2025, the *Abbott* action was deemed related to *Madrigal* and reassigned to this Court.  The Court has not set a schedule in *Abbott*.

6.    The parties in all three cases agree that it would be more efficient to coordinate discovery between the three cases, including so that Defendants need not produce the same witnesses and documents across multiple cases.  The parties in all three cases also agree that it would be more efficient to conduct a single round of coordinated class certification briefing and to have the plaintiffs' class certification motions heard at the same time.  The

parties anticipate that this proposal will not only conserve party resources, but will also conserve judicial resources by eliminating the need for multiple rounds of class certification briefing.

7.    To facilitate the coordination of the three actions, the parties now propose a common schedule that will allow the plaintiffs in *Holmes* and *Abbott* the opportunity to, among other things, participate in the upcoming depositions of Defendants' Rule 30(b)(6) witness, review Defendants' document production, and prepare for class certification briefing.  Although the proposed schedule will require the postponement of certain deadlines in *Madrigal*, it will ultimately streamline and expedite the resolution of the three actions by allowing coordinated depositions and briefing and by allowing the parties in *Holmes* and *Abbott* to avail themselves of the discovery that has occurred in *Madrigal* in lieu of starting from scratch.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

1.    **Class Certification Briefing Schedule.**  The parties request that the Court modify the schedule in *Madrigal* as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Deadline for Plaintiffs to file Motion for Class Certification and Serve Related Expert Reports | December 19, 2025 | March 27, 2026 |
| Deadline for Defendants to file Opposition to Motion for Class Certification and Serve Related Expert Reports | February 13, 2026 | May 22, 2026 |
| Deadline for Plaintiffs to file Reply in Support of Motion for Class Certification | March 16, 2026 | June 25, 2025 |
| Hearing on Motion for Class Certification | March 30, 2026, at 8:30 a.m. | July 9, 2026, at 8:30 a.m. |
| Last Day to Conduct Settlement Conference/Mediation | April 21, 2026 | July 30, 2026 |

STIPULATION REGARDING CASE SCHEDULE
CASE NOS. 2:25-cv-02375-GW (KSx), 2:25-cv-09807-GW (KSx), 2:25-cv-10757-MCS (PDx)

| Event | Current Deadline | New Deadline |
|---|---|---|
| Deadline to File Status Report re: Settlement Conference/Mediation | April 23, 2026 | July 31, 2026 |
| Post-Mediation Status Conference | April 27, 2026 at 8:30 a.m. | August 6, 2026 at 8:30 a.m. |

The parties further request that the Court set this schedule in *Holmes* and *Abbott*.

2.  **Class Certification Briefing**.  In light of the parties' agreement to engage in coordinated class certification briefing, the parties propose that the word limits of Local Rule 11-6.1 be modified as follows with respect to the class certification briefs: (a) Plaintiffs' brief(s) in support of their class certification motions shall not exceed 11,200 words; (b) Defendants' opposition brief(s) shall not exceed 11,200 words; and (c) Plaintiffs' reply brief(s) shall not exceed 5,600 words.  The parties intend for these word limits to apply to each side regardless of whether Plaintiffs and/or Defendants choose to file separate briefs or omnibus briefs.

3.  **Coordination of Discovery**.  The parties agree to coordinate discovery in the *Madrigal*, *Holmes*, and *Abbott* actions.  Plaintiffs will seek to coordinate any additional discovery requests to avoid duplicative requests.  Discovery produced by Defendants in any action (including all discovery produced to date in *Madrigal*) may be shared with counsel in all three actions subject to the terms of the existing protective order.

4.  **30(b)(6) Depositions of Defendants**.  Plaintiffs' counsel agree to work together in good faith to coordinate a single Rule 30(b)(6) deposition covering the three actions and to minimize duplicative questioning.  Defendants agree to work cooperatively with Plaintiffs to finalize the topics, to establish the length of the deposition(s), and to resolve any other aspects of the deposition as necessary.  Defendants agree that this coordination may require a second day of testimony for Defendants' Rule 30(b)(6) designee(s).  The depositions of Defendants' Rule 30(b)(6) witnesses shall take place in January or February of 2026, and no later than February 28, 2026.  To the extent Defendants' Rule 30(b)(6) designee(s) cannot authenticate any documents produced by

3

Defendants in discovery, and Defendants refuse to stipulate to their authenticity, Plaintiffs reserve their rights to seek an additional deposition of appropriate records custodians.

5.  **Other Fact Depositions Prior to Plaintiffs' Motion(s) for Class Certification.**  The parties agree that any depositions of the named Plaintiffs in all three actions taken in connection with class certification will be taken by Defendants prior to Plaintiffs' filing of their opening class certification brief(s).  The parties agree to work together cooperatively in scheduling any such depositions.  The parties agree to postpone until after class certification, if granted, depositions of any other fact witnesses. Notwithstanding the foregoing, Plaintiffs expressly reserve their rights to seek fact witness depositions to the extent Defendants' 30(b)(6) witness(es) are insufficiently prepared to a degree that prejudices Plaintiffs' ability to obtain the discovery necessary for their class certification motion.  Any such fact witness depositions will be noticed only upon agreement of Defendants or with leave of Court.

6.  **Pleadings in *Holmes*.**  Prior to the transfer of the *Holmes* action to this District, Defendants filed a motion to dismiss, which remains pending.  The parties in *Holmes* propose that the pending motion to dismiss be denied as moot, that Plaintiff Holmes file any amended complaint on or before December 3, and that Defendants answer the complaint or any amended complaint in *Holmes* on or before January 16, 2025.  The plaintiffs in Holmes have agreed that, in the event they amend their complaint, it will be only to add new plaintiffs and not new claims.

7.  **Pleadings in *Abbott*.**  Pursuant to the parties' stipulation under Local Rule 8-3, which appears as ECF No. 11 on the docket in *Abbott*, Defendants shall answer the complaint in *Abbott* on or before December 5, 2025.

8.  **Post-Certification Discovery**.  In order to facilitate the expeditious resolution of Plaintiffs' class certification motion(s), the Parties agree to defer the resolution of certain discovery disputes until after the Court rules on Plaintiffs' class certification motion(s). This includes, but is not limited to, the *Madrigal* Plaintiffs' request to take the deposition of certain fact witnesses and any disputes regarding the Defendants' discovery responses

that are not resolved prior to class certification..  Defendants maintain and reserve their objections to any discovery that Plaintiffs may seek to conduct after the Court rules on Plaintiffs' motion(s) for class certification.

9.     **Reservation of Rights**.  In light of their agreement to consolidate discovery and class certification briefing, the parties agree that formal consolidation under Federal Rule of Civil Procedure 42 is unnecessary and that the three actions shall maintain their separate identity notwithstanding this stipulation.  Defendants reserve their rights to seek consolidation in the future if there is a material change in the posture of the cases that threatens to undo the advantages of the agreed-upon coordination.  All parties further reserve their rights to seek modification of this stipulation by agreement or by order of the Court.

IT IS SO STIPULATED AND AGREED:

Dated:  November 25, 2025            JENNER & BLOCK LLP

                                    By:  /s/ *Brandon D. Fox*
                                         Brandon D. Fox

                                         Attorney for Defendants Live Nation
                                         Entertainment, Inc. and Ticketmaster
                                         LLC

1   Dated:  November 25, 2025          By:  /s/ *Shana Khader*

2                                           Shana Khader (*pro hac vice*)

3                                           Robert M. Devling (*pro hac vice*)
                                            **TYCKO & ZAVAREEI LLP**
4                                           2000 Pennsylvania Ave. N.W., Suite 1010
                                            Washington, D.C. 20006
5                                           Telephone:  (202) 973-0900
                                            Facsimile:  (202) 973-0950
6

7                                           Annick Persinger (State Bar No. 272996)
                                            **TYCKO & ZAVAREEI LLP**
8                                           10880 Wilshire Blvd., Suite 1101
                                            Los Angeles, CA 90024
9                                           Telephone:  (510) 254-6808
                                            Facsimile:  (202) 973-0950
10                                          *apersinger@tzlegal.com*
11

12                                          Counsel for Plaintiffs Michelle Madrigal,
                                            Helen Pantuso, Jessica Tempest, Tracey
13                                          Sunde, Sherry Adams, and the Proposed
                                            Classes
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING CASE SCHEDULE
CASE NOS. 2:25-cv-02375-GW (KSx), 2:25-cv-09807-GW (KSx), 2:25-cv-10757-MCS (PDx)

Dated: November 25, 2025        By: /s/ *Oren Giskan*

Cory L. Zajdel, Esq.
David M. Trojanowski, Esq.
**Z LAW, LLC**
2345 York Road, Suite B-13
Timonium, MD 21093
Telephone: (443) 213-1977
clz@zlawmaryland.com
dmt@zlawmaryland.com

Oren Giskan
**GISKAN SOLOTAROFF &
ANDERSON LLP**
90 Broad Street
New York, NY 10004
Telephone: (212) 847-8315
Telephone: (212) 847-8315
ogiskan@gslawny.com

Counsel for Named Plaintiff Nadine
Holmes

STIPULATION REGARDING CASE SCHEDULE
CASE NOS. 2:25-cv-02375-GW (KSx), 2:25-cv-09807-GW (KSx), 2:25-cv-10757-MCS (PDx)

Dated:  November 25, 2025         By:  /s/ *Hart L. Robinovitch*

ZIMMERMAN REED LLP
Caleb Marker
Jessica Liu
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
(877) 500-8780 Telephone
(877) 500-8781 Facsimile

ZIMMERMAN REED LLP

Hart L. Robinovitch
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
(480) 348-6400 Telephone
(480) 348-6415 Facsimile

ZIMMERMAN REED LLP

Zain Shirazi (SBN 302841)
80 S 8th Street, 1100 IDS Center
Minneapolis, MN 55402
(612) 341-0400 Telephone

Attorneys for Plaintiffs Shawn Abbott,
Marshall Altier, Kalen Cooper, and
Eugene Jo

## <u>ATTESTATION OF FILER</u>

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Brandon D. Fox, hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  November 25, 2025                    JENNER & BLOCK LLP

By: /s/ *Brandon D. Fox*
Brandon D. Fox

Attorney for Defendants Live Nation Entertainment, Inc. and Ticketmaster, L.L.C.